### Rachel L. Farrow v. Daniel Flatt, Admr., etc.

1. INSTRUCTIONS — *Singling out Portions of the Evidence to be Scrutinized.*—An instruction which informs the jury that it is their "duty to carefully scrutinize any claim or set-off presented by the defendant," is erroneous, as tending to lead the jury to discriminate unfairly against the set-off, etc.

2. SET-OFF—*Defendant Not Bound to Present.*—A defendant is not bound to urge his claim of set-off when the plaintiff's demand is presented, nor even when he is sued (in a court of record) upon it. He may bring a separate suit for his set-off, or he may use it as a cross-demand in the plaintiff's action, and the law raises no implication against him, because he does not interpose it when the plaintiff's demand is presented.

Assumpsit, set-off, etc.—Appeal from the County Court of Green County; the Hon. JOHN C. BOWMAN, Judge, presiding. Heard in this court at the May term, 1895. Reversed and remanded. Opinion filed November 15, 1895.

HENRY T. RAINEY, attorney for appellant.

H. H. MONTGOMERY, attorney for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.
The plaintiff below recovered a judgment against the de-
fendant for $165.50, for a balance found due Wm. R. Bush-
nell, deceased, of whose estate the plaintiff was administra-
tor, from which the present appeal is prosecuted. The
principal controversy was upon the set-off interposed by de-
fendant, all of which was rejected by the jury. The evi-
dence seems to be quite clear that in February, 1893, the
defendant sold to the deceased ten head of hogs, worth
about $106, which amount was to be credited upon the
account. An effort, not very successful, was made to im-
peach the veracity of the witnesses, sons of defendant, upon
whose testimony this item was mainly based. The jury
were induced to discredit the testimony, however, and the
item was disallowed with the others of the set-off. Certain
checks, amounting to something over forty-three dollars, all
dated subsequent to August 9, 1892, the date of the alleged
settlement, were also disallowed. It was suggested as to
these, that they were not a proper credit upon the account
in the suit, because they were given to Bushnell in his capac-
ity as agent for a railroad company, in payment of freight,
but there is nothing very satisfactory in the way of proof
to that effect. As to the further item of set-off, that of
rents on the rock quarry collected by Bushnell, we are in-
clined to think the jury were justified in finding that for
all the rock quarried after August 9, 1892, credit was given.
If the settlement made that day was correct, it is probable
that there is no sufficient ground of complaint as to this
item of rents for the rock quarry, but we think the evidence
presented quite a strong case for the defendant as to the
item of $106 for hogs sold in February, 1893, and a case of
somewhat less force as to the item of checks. The verdict,
which was for the amount claimed, was reduced by remit-
titur $55, which, of course, concedes the jury had erred to

that extent. This sum does not correspond with either of the two items last referred to. In view of the evidence upon the question of set-off, it was important that the jury should be accurately instructed.

At the instance of the plaintiff the court gave the following instruction:

" 5. The court instructs you, that in the trial of this cause it is your duty to carefully scrutinize any claim or set-off presented by the defendant against the estate of the deceased, Bushnell, and if you believe from the evidence that in his lifetime the said Bushnell presented to the defendant the bill and account sued on in this cause, and demanded the payment thereof, and that the defendant at that time, or at any other time, prior to the death of the said Bushnell, never presented any claim for set-off, that such fact, if proven, may be considered by the jury in determining whether the defendant should recover such set-off, or any part thereof."

No reason is known why the court should advise the jury to carefully scrutinize the set-off of the defendant more than the claim of the plaintiff.

Each demand should stand upon its merit, and should be fairly considered, but the suggestion here contained might, and probably did, lead the jury to discriminate unfairly against the set-off. For some reason they discredited testimony in support thereof, which, according to the record, was not contradicted or impeached. As to the latter clause of the instruction, it is argued there is no evidence that payment of this bill was ever demanded by the deceased, which seems to be a fair statement, in view of the proof, but the chief objection is in the assumption that the omission by the defendant then to set up her counter-claim, is evidence against its validity, to which the attention of the jury is specially directed.

A defendant is not bound to urge his counter-claim of set-off when the bill is presented, nor even when he is sued upon it. He may bring a separate suit upon it, or he may use it as a cross-demand in the plaintiff's action. The law

does not raise any implication against him because he does not interpose it when the plaintiff's demand is presented.

He may not know until he has time to examine whether the plaintiff has given him credit for all his counter-claims, especially when the dealings have covered a considerable period, and where there are numerous items on each side.

This instruction was manifestly wrong and calculated to prejudice the jury against the set-off.

Instruction No. 4½, which advised the jury that the receipts presented from the railroad company were not direct evidence of any claim against the estate, was also wrong and calculated to mislead the jury.

In connection with the explanatory oral evidence they were competent, and tended very directly to show how much money Bushnell received on account of rents from the quarry.

We are not to be understood as indicating that the evidence sufficiently supports all the items in the plaintiff's bill of particulars, or that all matters between the parties up to August 9, 1892, were settled and balanced, as is the plaintiff's theory, but assuming that theory to be correct we are not satisfied with the treatment accorded to the set-off.

The judgment will be reversed and the cause remanded.